UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL MENDOZA              :
                             :
      v.                     :     C.A. No. 09-298S
                             :
STATE OF RHODE ISLAND        :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On July 10, 2009, Petitioner Michael Mendoza ("Petitioner") commenced this action by filing an "Application for Federal Writ of Habeas Corpus under 28 U.S.C. § 2241(c)(3) by a Prisoner in State Custody." (Document No. 1). Respondent State of Rhode Island (the "State") moves to dismiss arguing that Petitioner's claims lack both factual and legal merit. (Document No. 3). Petitioner opposes the Motion. (Document No. 5). The State's Motion to Dismiss has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72. I have determined that a hearing is not necessary to resolve the State's Motion.

**Facts and Travel of the Case**

Petitioner was convicted in 1994 by a Superior Court jury of second-degree murder. Petitioner was sentenced to life imprisonment. The facts underlying Petitioner's conviction are detailed in the decision of the Rhode Island Supreme Court affirming his conviction. See State of Mendoza, 709 A.2d 1030, 1031-1032 (R.I. 1998). In summary, the shooting for which Petitioner was convicted took place outside an unlicensed, after-hours drinking club operated by Petitioner out of a tenement house in Providence. After a fight inside the club, an angry participant, who was

leaving, fired several gun shots into the club. Petitioner was convicted of returning fire which missed the fleeing shooter but killed another fifteen-year old patron who was also fleeing the scene.

After Petitioner's conviction was affirmed by the Rhode Island Supreme Court, he filed a Motion under Rule 35(a) of the Rhode Island Superior Court Rules of Criminal Procedure to reduce his sentence from life to a term of years. The Motion was denied by the Superior Court, and such denial was affirmed by the Rhode Island Supreme Court on November 5, 2008. See State v. Mendoza, 958 A.2d 1159 (R.I. 2008).

**Discussion**

Petitioner filed this action under 28 U.S.C. § 2241(c)(3) which provides an avenue of relief to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[1] However, Petitioner is not attacking his conviction in this action and indicates that his "post conviction relief application is presently pending in Providence Superior Court." (Document No. 1 at p. 3). Thus, Petitioner could not presently attack his conviction under Section 2254 because he has not yet exhausted the remedies available to him in the state courts. See 28 U.S.C. § 2254(b)(1)(A).

Petitioner seeks only limited relief which he claims is necessary to preserve his constitutional rights, including his Fifth Amendment right against self-incrimination, and his right to meaningful post-conviction review in the Superior Court. In particular, Petitioner seeks an order from this Court authorizing the correction of the record in his state court proceeding to reflect that "it was never his intention nor design to acknowledge nor admit anything in terms of personal culpability" in the

---

[1] Section 2241, 28 U.S.C., applies to federal prisoners seeking habeas corpus relief. See Barreto-Barreto v. United States, 551 F.3d 95, 102 n.6 (1st Cir. 2008). Thus, in deference to Petitioner's pro se status, his action will be considered as one brought under 28 U.S.C. § 2254 which provides an avenue for habeas corpus relief to prisoners, such as Petitioner, in state custody.

context of his Rule 35 Motion for sentence reduction. (Document No.1 at p. 5). Petitioner argues that his ability to seek post-conviction relief "will be threatened if the record is not corrected." (Document No. 5 at p. 3). He contends that "the crux of [his] quandary" is that his Attorney's Memorandum in Support of his Motion to Reduce Sentence was "misconstrued to suggest and [sic] admission of culpability." Id.

Since Petitioner's application for post-conviction relief is still pending in the state court, it is impossible to know what impact, if any, Petitioner's unsuccessful motion to reduce his sentence will have on that application. However, it is possible to conclude that Petitioner has not presently established any Fifth Amendment violation. The Fifth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, provides in relevant part that "[n]o person...shall be compelled in any criminal case to be a witness against himself." (emphasis added). Petitioner has presented nothing to suggest that he was ever "compelled" to incriminate himself. Petitioner voluntarily chose to seek a reduction of his sentence under Rule 35(a), R.I. Super. Ct. R. Crim. P., and, through counsel, to argue that the circumstances of the crime "as accepted by the jury"[2] did not warrant a life sentence. (Document No. 1-3 at p. 10). He was not "compelled" to do anything. Further, neither the Superior Court decision denying his Rule 35 Motion nor the Supreme Court affirmance of that decision expressly indicate that Petitioner has admitted guilt. Although the Supreme Court noted in its decision that Petitioner "recognizes that his actions were unlawful," State v. Mendoza, 958 A.2d at 1162, it did so solely in the context of Petitioner's Rule 35 Motion to reduce sentence in which his attorney advised the Court that he was

---

[2] In his Rule 35 Memorandum, Petitioner's counsel made clear that "as the jury saw it, [Petitioner's] actions that morning were unlawful" and that he "does not contest that conclusion in pressing [the Rule 35] motion." (Document No. 1-3 at p. 6).

not contesting the jury's finding of unlawfulness in pressing the Motion. The state court has not yet acted on Petitioner's post-conviction relief application. Thus, it is impossible to know if it will conclude, based on the record developed in the context of Petitioner's Rule 35 Motion, that Petitioner admitted guilt when it considers his collateral challenge to the second degree murder conviction. Accordingly, Petitioner's premise that there are "uncorrected admissions of guilt appearing in the record" is unsupported.

Finally, Petitioner's reliance on Montana v. Imlay, 813 P.2d 979 (Mont. 1991) and Lile v. McKune, 24 F. Supp. 2d 1152 (D. Kan. 1998), is misplaced since both of those decisions are distinguishable from his case. In both, the Court found a violation of the right against self-incrimination where a convicted defendant was compelled to admit guilt or face sanctions. In the Imlay case, the defendant's suspended sentence was revoked and he was incarcerated, as a consequence of his failure to admit guilt as part of a sex offender treatment program. Similarly, in the Lile case, the defendant suffered negative consequences regarding his conditions of confinement by failing to participate in a sex offender treatment program in prison that required the defendant to sign an admission of guilt form. Petitioner here has not shown that he has been penalized for maintaining his innocence and thus these cases are not supportive of his Fifth Amendment argument.

**Conclusion**

For the foregoing reasons, I conclude that Petitioner has not presently established any entitlement to habeas corpus relief under either 28 U.S.C. § 2241(c)(3) or 28 U.S.C. § 2254. Further, since his state post-conviction relief application is still pending, Petitioner has not exhausted available state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Thus, I recommend that the State's Motion to Dismiss (Document No. 3) be GRANTED and that the instant Petition be

DISMISSED but without prejudice to Petitioner filing a future petition pursuant to 28 U.S.C. § 2254 and within the filing deadline set by 28 U.S.C. § 2244(d)(1) after he has exhausted his state court remedies, including appealing his pending application for post-conviction relief to the Rhode Island Supreme Court if it is denied by the Superior Court.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 5, 2009